FILED
SCRANTON
SEP 11 2013

PER M.B.P
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADOLPHUS WESLEY, Petitioner, | CIVIL NO. 13-CV-666 |
| v. | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, Respondent | (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

On March 13, 2013, Petitioner Adolphus Wesley, a native of Liberia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Custody Enforcement ("ICE") for more than six (6) months as unconstitutional and seeking immediate release from confinement. (Doc. 1), citing Zadvydas v. Davis, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). A response to the petition was filed on April 22, 2013. (Doc. 6).

On August 15, 2013, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") concluding that the petition should be denied because Petitioner's post-removal detention is constitutional and there is no evidence that Petitioner has not received regular and meaningful custody reviews from ICE. (Doc. 7, p. 4). The R&R mailed to Petitioner was returned as undeliverable on August 21, 2013. (Doc. 8). No objections to the R&R were filed; however, Respondents filed a notice of suggestion of mootness on August 22, 2013, stating that Petitioner was released from ICE custody on July 16, 2013, on an order of supervision. (Doc. 9) (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)). In light of this new information and for the reasons set forth below, the R&R will be not be

adopted; rather, the habeas petition will be dismissed as moot.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

Magistrate Judge Blewitt thoroughly outlines the factual background of this case and Petitioner's arguments. (Doc. 7, pp. 2-4). The Magistrate Judge explains the Fifth Amendment's due process requirements, the United States Supreme Court's holding in Zadvydas, 533 U.S. 678, regarding the presumptively reasonable period of removal, the procedural requirements for the detention and removal of aliens ordered removed as set forth in 8 U.S.C. § 1231, and the ICE regulations in 8 C.F.R. § 241.4 governing the continued detention of aliens beyond the removal

2

period. (Id. at pp. 4-8). Applying these requirements to Petitioner's case, Magistrate Judge Blewitt finds no due process violation. (Id. at pp. 6-8). The R&R therefore recommends that the habeas petition be denied. (Id. at p. 8).

After review, this Court finds no error in the R&R based on the record at the time it was issued. But, in light of recent information that Petitioner was released from custody on an order of supervision prior to the date of the Magistrate Judge's decision, this Court concludes that the habeas petition should be dismissed as moot. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) ("Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies....").

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Diaz-Cabrera v. Sabol, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (Jones, J.) (quoting Lane v. Williams, 455 U.S. 624, 631 (1982)). Specifically, "the dismissal of a habeas petition as moot is appropriate where a petitioner challenging his continued detention is released from ICE custody on an order of supervision." Id., citing Phat v. Gonzales, 2007 U.S. Dist. LEXIS 61259 (M.D. Pa. 2007) (McClure, J.) (concluding that the petitioner's release from ICE custody on an order of supervision renders the habeas petition moot).

The instant petition challenges only Petitioner's continued detention pending removal. See (Doc. 1). Because Petitioner was released on an order of supervision before the R&R was issued, the petition no longer presents an existing case or controversy. Accordingly, the instant

3

habeas corpus petition will be dismissed as moot.

A separate Order will be issued.

Date: September 11, 2013

United States District Judge